IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRANDON RILEY, #M00650,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 25-cv-00169-SMY |
| | ) |
| **DAVID MITCHELL,** | ) |
| **CHRISTINE BROWN,** | ) |
| **PERCY MYERS,** | ) |
| **WEXFORD HEALTH CARE** | ) |
| **SOURCE, INC., and** | ) |
| **JOHN/JANE DOE NURSES,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Brandon Riley, an inmate in the custody of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from the delay in treatment of a torn Achilles tendon. He seeks monetary and injunctive relief.[1] The Amended Complaint (Doc. 9) is subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant.

### Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 9, pp. 1-32):

---

[1] Plaintiff seeks a "mandatory injunction" requiring prison officials to schedule an updated MRI, surgical evaluation, and surgery, if necessary. *Id*. at 12. Absent a request for interim relief in the form of a temporary restraining order (TRO) or preliminary injunction, the Court construes this request as one for relief *at the close of the case*. If he requires more immediate relief, Plaintiff may file a Motion for TRO and/or Preliminary Injunction under FED. R. CIV. P. 65, along with an affidavit stating the exact relief he requires and the facts that support his request for said relief.

1

Plaintiff injured his foot and ankle while playing basketball at Pinckneyville Correctional Center on March 7, 2023. *Id*. at 2-3. A correctional officer escorted him in a wheelchair to the prison's health care unit (HCU). *Id*. at 3. Nurse Jane Doe examined Plaintiff's injury and diagnosed him with a torn Achilles tendon. She issued him bandages, crutches, and permits for a low gallery/low bunk. *Id*. at 3-4. Nurse Doe also informed Plaintiff that she notified Medical Director Percy Myers (Dr. Myers) of his injury, and he would be seen the following day. *Id*. at 4. Plaintiff was released from the HCU without any treatment for his pain. *Id*.

Plaintiff woke up the next morning in severe pain, which increased throughout the day. He repeatedly pushed the panic button. Wing Officer Lloyd agreed to contact the on-duty nurse. After doing so, Officer Lloyd informed Plaintiff that Nurse Tracy found no record of his injury but agreed to document the call. That evening, Plaintiff reported his injury and ongoing pain to a third shift officer, who instructed him to submit a sick call request. *Id*.

Dr. Myers finally met with Plaintiff on March 14, 2023. The doctor did not examine, diagnose, or treat his injury. Dr. Myers informed Plaintiff that he was scheduled for an MRI and an appointment with an orthopedic surgeon, scolded Plaintiff for his mother's frequent phone calls, and instructed Plaintiff to tell his family that he was fine. *Id*.

Dr. Myers met with Plaintiff again on March 23, 2023. The doctor reminded Plaintiff about his upcoming MRI and emphasized that his mom should stop calling to request medical treatment on his behalf. Plaintiff was sent for an MRI at SIH St. Joseph Memorial Hospital on March 31, 2023. *Id*. at 5.

Plaintiff asked his mother to continue calling the prison to demand medical care and pain relief on his behalf. He also wrote letters to HCU Administrator Brown. When he passed by Administrator Brown in early April 2023, Plaintiff asked if she received his family's phone calls

or his letters. She acknowledged receiving both. *Id*.

On April 25, 2023, Plaintiff was issued a pass for the medical director's call line. Plaintiff learned that the medical director was unable to locate the MRI results from March 31, 2023. Even so, it was obvious that he needed surgery. Plaintiff sent numerous written requests for the MRI results to Administrator Brown and Dr. Myers, but received no response. By the time he saw a specialist on May 10, 2023, Plaintiff learned that he should have been issued a cast or boot much earlier because his Achilles tendon was healing improperly. *Id*.

During the relevant period, Wexford Health Care Source, Inc. had a policy in place that required prison healthcare providers to deny or delay treatment for non-life-threatening injuries of inmates who were scheduled for release within a year. *Id*. at 6. Dr. Myers and Administrator Brown were aware of this policy and carried it out when treating Plaintiff. They chose to disregard the obvious need for surgery. Plaintiff was released on parole before receiving surgery on June 7, 2023. *Id*.

Plaintiff returned to prison on a parole violation more than a year later, on August 23, 2024. Although his injury had partially healed, Plaintiff still suffered from significant pain. He submitted sick call requests for treatment of his lingering injury and pain.

Plaintiff was seen by a nurse on September 6, 2024. She gave him ibuprofen (200 mg) and explained that he would need to see a nurse two more times before he was eligible to meet with a doctor. He met with a nurse practitioner on October 12, 2024 and on March 16, 2025. Plaintiff was given Acetaminophen (500 mg) in March 2025, but he has never received surgery. *Id*.

## **Preliminary Dismissals**

Plaintiff mentions the following individuals in the statement of his claim but does not identify them as defendants in the Amended Complaint: Wing Officer Lloyd, Nurse Tracy, a

correctional officer, a nurse, and two nurse practitioners. The Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

Plaintiff identifies Warden David Mitchell as a defendant but makes no allegations against him in his individual capacity. Therefore, this defendant cannot be said to have notice of which claims, if any, are directed against him. FED. R. CIV. P. 8(a)(2). Merely invoking the warden's name is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Warden Mitchell will be dismissed from this action without prejudice in his individual capacity.

### Discussion

The Court designates the following claim in the *pro se* Amended Complaint:

Count 1: Eighth Amendment claim against Defendants for responding to Plaintiff's foot and ankle injury (*i.e.*, torn Achilles tendon) and pain with deliberate indifference from March 7, 2023 through June 7, 2023 and August 23, 2024 through March 16, 2025.

**Any other claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

A plaintiff bringing an Eighth Amendment claim must allege a sufficiently serious medical need and deliberate indifference to that condition by each defendant. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A serious medical need is one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person. *Id*. Plaintiff's torn Achilles tendon and related pain are sufficiently serious to satisfy this standard. *See Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (undisputed that torn Achilles tendon was sufficiently serious under Eighth Amendment).

The deliberate indifference standard is satisfied by allegations that a defendant chose to ignore the plaintiff's serious medical need or the plaintiff's request for medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Deliberate indifference is also shown by allegations that the defendant knew of and disregarded an obvious risk posed by a chosen course of treatment or lack thereof. *Petties*, 836 F.3d at 729 (citations omitted). In other words, a medical professional may demonstrate deliberate indifference by persisting in a course of treatment known to be ineffective. *Id.* at 729-30. And, in the context of pain, "[t]urning a blind eye to a prisoner's complaints of readily treatable pain can constitute an Eighth Amendment violation, even if the condition is not life-threatening and the failure to treat does not exacerbate the condition." *Diaz v. Godinez*, 693 F. App'x 440, 443 (7th Cir. 2017) (citing *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012)).

Plaintiff sufficiently alleges deliberate indifference on the part of Nurse Jane Doe, Administrator Brown, and Dr. Myers; all three defendants were aware of his injury, ongoing pain, and need for diagnostic testing and treatment (including surgery), but they delayed or denied treatment until his release on parole on June 7, 2023. Count 1 will proceed against these individuals.

The allegations also support a claim of deliberate indifference against Wexford Health Care Source, Inc. The private medical corporation provided medical staff at the prison and allegedly adopted a policy of delaying or denying treatment for non-life-threatening injuries to inmates who were scheduled for release within a year. Plaintiff also claims the individual defendants denied him necessary treatment pursuant to this policy. Therefore, Count 1 will proceed against Wexford.

Plaintiff fails to state a viable deliberate indifference claim against any other named or unnamed defendant for the allegedly inadequate care he received following his return to prison in

2024-25. He mentions seeing a nurse who gave him ibuprofen and two nurse practitioners who provided him with acetaminophen. This is not enough to show deliberate indifference on the part of these individuals. Therefore, any claim against them is considered dismissed without prejudice.

### Identification of Nurse Jane Doe

Plaintiff will be allowed to proceed with Count 1 against Nurse Jane Doe. However, this defendant must be identified with particularity before service of the Amended Complaint can be made on this person. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the defendant. *Rodriguez*, 577 F.3d at 832. In this case, Warden David Mitchell will remain named as a defendant, in his official capacity only, and shall be responsible for responding to discovery aimed at identifying the unknown defendant by first and last name. Once this individual's name is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designation in the caption and Amended Complaint.

### Disposition

The Amended Complaint (Doc. 9) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against **WEXFORD HEALTH CARE SOURCE, INC., CHRISTINE BROWN, PERCY MYERS,** and **NURSE JANE DOE (once identified)**. However, **COUNT 1** is **DISMISSED** without prejudice against **DAVID MITCHELL (individual capacity)** and all other **NURSES JOHN/JANE DOE** for failure to state a claim.

In addition, **WARDEN DAVID MITCHELL (official capacity)** remains named as a defendant for purposes of identifying Nurse Jane Doe by name and implementing any injunctive relief ordered in this case.

The Clerk shall prepare for **DAVID MITCHELL (official capacity), WEXFORD HEALTH CARE SOURCE, INC., CHRISTINE BROWN, PERCY MYERS,** and **NURSE**

**JANE DOE (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 9), and this Memorandum and Order to each Defendant's place of employment, once identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of service, as authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint (Doc. 9) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants must only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ENTER the standard qualified protective order under the Health Insurance Portability and Accountability Act; UPDATE the docket sheet in CM/ECF to ADD "NURSE JANE DOE"; and TERMINATE Defendants "JOHN/JANE DOE NURSES" in CM/ECF.**

**IT IS SO ORDERED.**

**DATED:** June 9, 2025

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify Defendant of your lawsuit and serve him or her with a copy of your Amended Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court at this time, unless specifically directed to do so.